# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| DARLENE HIBBEN, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | Case No. 14-CV-419-TCK-FHM |
| ) | |
| STATE OF OKLAHOMA ex rel. ) | |
| DEPARTMENT OF VETERANS ) | |
| AFFAIRS a/k/a CLAREMORE ) | |
| VETERAN'S CENTER, and ) | |
| TIM POTTEIGER, individually, ) | |
| ) | |
| Defendants. ) | |

## OPINION AND ORDER

Before the Court is Defendant Tim Potteiger's Motion to Dismiss pursuant to Federal Rules of Civil Procedure 12(b)(1), 12(b)(5), and 12(b)(6) (Doc. 6).

**I.  Background**

Plaintiff Darlene Hibben ("Plaintiff") alleges that she was employed by Defendant Oklahoma Department of Veterans Affairs ("ODVA") at its Claremore facility, the Claremore Veteran's Center ("Center"). Defendant Tim Potteiger ("Potteiger") is the Administrator of the Center.

Plaintiff brought this suit in the District Court of Rogers County, Oklahoma, on June 26, 2014. In her Petition, Plaintiff appears to allege three claims against Defendants: (1) violation of 42 U.S.C. § 1983, (2) intentional infliction of emotional distress, and (3) violation of the Family and Medical Leave Act. On July 3, 2014, a process server hired by Plaintiff delivered a copy of the petition and summons to Cindy Rogers ("Rogers") at the Center in Claremore. (*See* Return of Service, Doc. 2-5.) Rogers is the Assistant Administrator of the Center. There is no indication that

the ODVA has ever been served. The case was removed to this Court on July 23, 2014. Potteiger filed his motion to dismiss on July 30, 2014.

**II.	Rule 12(b)(5) Motion**

Potteiger moves to dismiss Plaintiff's claims against him pursuant to Federal Rule of Civil Procedure 12(b)(5) for insufficient service of process. "A court obtains personal jurisdiction over the parties when the complaint and summons are properly served upon the defendant, making 'effective service of process a prerequisite to proceeding further in a case.'" *Goff v. Hukill*, No. 08-CV-71, 2010 WL 2595785, *2 (N.D. Okla. June 24, 2010). Because service presents a jurisdictional issue, the Court must decide Potteiger's Rule 12(b)(5) motion first.

Under Federal Rule of Civil Procedure 4(e), service may be made on an individual by:

> (1) following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made; or
> (2) doing any of the following:
> 	(A) delivering a copy of the summons and of the complaint to the individual personally;
> 	(B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or
> 	(C) delivering a copy of each to an agent authorized by appointment of law to receive service of process.

The Oklahoma statutes require service to made in the same manner. *See* Okla. Stat. tit. 12, § 2004(C)(1)(c)(1). Strict compliance with the Oklahoma statutory scheme is not required for service to be proper. *See Graff v. Kelly*, 814 P.2d 489, 495 (Okla. 1991). "Substantial compliance" is sufficient. *Id.* "To determine whether substantial compliance has occurred, the court must consider the circumstances and 'determine whether the found departure offends the standards of due process and thus may be deemed to have deprived a party of its fundamental right to notice.'" *Shaffer v. Skechers, USA, Inc.*, No. CIV-09-167-D, 2009 WL 3837408, at *2 (W.D. Okla. Nov. 16, 2009)

(unpublished) (citing *Hukill v. Okla. Native Am. Domestic Violence Coal.*, 542 F.3d 794, 798 (10th Cir. 2009) and *Shamblin v. Beasley*, 967 P.2d 1200, 1209 (Okla. 1999)). "'The adopted test requires that under all the circumstances present in a case there be a reasonable probability the service of process employed apprized its recipient of the plaintiff's pressed demands and the result attendant to default.'" *Hukill*, 542 F.3d at 799 (*quoting Vance v. Fed. Nat'l Mortg. Ass'n*, 988 P.2d 1275, 1279–80 (Okla.1999)). In the case of a third party's receipt of notice, there must be a "reasonable probability that the person who was not individually served [nonetheless] will receive actual notice from one by whom service was accepted." *Shamblin*, 967 P.2d at 1209.

The Tenth Circuit's decision in *Hukill* is instructive. In *Hukill*, the Tenth Circuit reversed the district's court's finding that service of process substantially complied with the requirements under Oklahoma law. *Hukill*, 542 F.3d at 802. There, the plaintiff attempted service by certified mail. The return receipts were signed by an individual who was not authorized to receive service on behalf of the defendants. In assessing whether the service substantially complied with the statutory requirements, the Tenth Circuit found that "the Oklahoma Supreme court would hold that a plaintiff fails to substantially comply with a service statute specifying who is authorized to accept or refuse service on behalf of the defendant, when service is accepted or refused by an unauthorized person." *Id.* at 800. Because the attempted service in *Hukill* "was accepted by an unauthorized person," the court held "it did not substantially comply with the statute and was invalid." *Id.* at 802. Further, the Tenth Circuit noted that the defendants' actual notice of the suit was not determinative based on the Oklahoma Supreme Court decisions of *Graf v. Kelly*, 814 P.2d 489, 495 (Okla. 1991), and *Ferguson Enterprises, Incorporated v. H. Webb Enterprises, Incorproated*, 13 P.3d 480 (Okla. 2000). *Id.*

As noted above, the petition and summons were not delivered to Potteiger personally or left at his residence. Instead, Plaintiff left the petition and summons with Rogers, one of Potteiger's co-workers at the Center. Rogers was not authorized to accept service on Potteiger's behalf. Moreover, neither the federal nor the Oklahoma statutory scheme permits Plaintiff to leave service at a defendant's place of employment. Plaintiff has offered no evidence that there was a "reasonably probability" that Potteiger would receive notice from Rogers. The Court therefore finds the service of process defective with regard to Potteiger.

Alternatively, Plaintiff contends that even if her service does not comply with the technical requirements, she still should be permitted to properly serve Potteiger because the 120 day-requirement in Federal Rule of Civil Procedure 4(m) has not elapsed. *See* Fed. R. Civ. P. 4(m) (requiring service to made with 120 days after the complaint is filed). The 120-day time limit elapsed on October 25, 2014, while Defendant's motion to dismiss was pending. Plaintiff filed her response to Potteiger's motion to dismiss on September 3, 2014, after two separate ten-day extensions. During the pendency of Potteiger's motion, Plaintiff apparently made no effort to perfect service upon Potteiger or even attempt service on ODVA.

Plaintiff's counsel's lackadaisical approach towards service is not new to this Court. In *Goff v. Hukill*, this Court dismissed a complaint filed by Plaintiff's counsel under facts strikingly similar to those in the present case. *See* No. 08-CV-71-TCK-FHM, 2010 WL 2595785 (N.D. Okla. June 24, 2010). Plaintiff has failed to provide any showing of good cause for an extension of the service period, and if Plaintiff's counsel's history is any indication, no good cause likely exists. However, because the 120-day time limit expired during the pendency of Potteiger's motion, the Court will grant a seven-day extension of the service period in which Plaintiff must perfect service on Potteiger to avoid dismissal of this action.

**III. Conclusion**

For the foregoing reasons, Defendant Tim Potteiger's Motion to Dismiss (Doc. 6) will be held in abeyance. Plaintiff is granted an additional seven-days from the date of this order to perfect service on Potteiger and file proof of such service with the Court. If Plaintiff fails to do so, the Court will dismiss Plaintiff's Petition without prejudice pursuant to Fed. R. Civ. P. 4(m). If Plaintiff perfects service, the Court will rule on the remaining arguments in Potteiger's Motion to Dismiss.

**SO ORDERED this 16th day of January, 2015.**

**TERENCE C. KERN
United States District Judge**